UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICKY STEPHENS                                              CIVIL ACTION

VERSUS                                                      NO: 12-1873

FLORIDA MARINE TRANSPORTERS, INC.                           SECTION: "H" (4)

## ORDER

Before the Court is Plaintiff, Ricky Stephens, ("Stephens") **Motion to Compel Discovery (R. Doc. 12)**, seeking an Order from this Court requiring Defendant, Florida Marine Transporters, Inc., ("Florida") to respond to its Interrogatories and Requests for Production. The motion does not request attorney's fees.[1] The motion is unopposed, was originally noticed for submission on January 30, 2013, continued until February 6, 2013, and heard on the briefs on that date.[2]

### I.    Background

This is a personal injury claim brought under the Jones Act, 42 U.S.C. § 688, and the general maritime law of the United States. *See* (R. Doc. 4, p. 1).[3] Stephens, a deckhand and member of the crew of the ship CHRIS PIKE, was working within the scope of his employment when he "was caused to sustain serious injuries to mind and body, but not limited to his back, while removing and replacing hydraulic cylinders." (R. Doc. 1, p. 2). He alleges that his injuries were caused by the negligence of his employer, Florida; he now seeks damages for, *inter alia*, mental and physical pain and suffering,

---

[1] In an exparte motion for leave to file which was subsequently denied by the Court, Florida "respectfully requests the opportunity to preserve its defenses, particularly those concerning Stephens' prayer for attorneys' fees and costs. (R. Doc. 18, p. 2). However, the Court finds that the instant motion does not request attorney's fees and costs, and states the same here to clarify any ambiguity.

[2] Florida filed an untimely opposition, which is discussed briefly below.

[3] Stephens originally filed this suit on July 18, 2012 (R. Doc. 1), and duly amended his Complaint on July 19, 2012. (R. Doc. 4).

disability, lost wages, maintenance and cure, as well as punitive damages for his "wilful and wanton" conduct. *See id.* at 2-3.

As to the instant motion, on October 2, 2012, Stephens argues that he propounded Interrogatories and Requests for Production of Documents upon Florida. (R. Doc. 12-3). However, to date Stephens has yet to secure adequate responses, necessitating his filing of this motion. Although there is some indication that responses to Stephens' discovery were provided by Florida after the instant motion was filed, *see* (R. Doc. 14, p. 1), the motion has neither been supplemented nor withdrawn. The motion is opposed.

## II.    Standard of Review

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense."  Rule 26(b)(1).  The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 177 (1979).  Nevertheless, discovery does have "ultimate and necessary boundaries."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Further, it is well established that "control of discovery is committed to the sound discretion of the trial court . . . ." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009); *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994).

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the

issues. *Id.* at 26(b)(2)(C)(iii).

Rule 34 provides that a party may request another party to produce "any designated documents or electronically stored information . . . stored in any medium from which information can be obtained." *Id.* at 34(a)(1)(A). This request "must describe with reasonable particularity each item or category of items to be inspected." *Id.* at (b)(1)(A). "The party to whom the request is directed must respond in writing within 30 days after being served." *Id.* at (b)(2)(A). "For each item or category, the response must either state that inspection . . . will be permitted as requested or state an objection to the request, including the reasons." *Id.* at (b)(2)(B). Similarly, Rule 33 provides that a party may request *up to 25* written Interrogatories, and a party served with the same must respond within 30 days of service. Rule 33(a)-(b) (emphasis added).

Rule 37 mandates that upon filing a motion to compel, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.* at 37(a)(1).

### III.    Analysis

####    A.    Local Rule 7.5

Local Rule 7.5 provides that "[e]ach party opposing a motion must file and serve a memorandum in opposition to the motion no later than eight days before the noticed submission date." *Id.* Here, as noted above, the instant motion was originally noticed for submission on January 30, 2013, making any opposition due no later than January 22, 2012. However, Florida failed to timely respond to Stephens' motion. Thereafter, the motion was then continued until February 6, 2013, at Stephens' request. One day before the rescheduled submission date, February 5, 2013, Stephens filed an exparte motion for leave to file an opposition. The Court denied that motion, noting that under L.R. 7.5 it was untimely. (R. Doc. 19).

####    B.    Merits of Motion

#####        1.    Supporting Documentation

In support of his Motion, Stephens attaches his Requests for Production and Interrogatories,

3

both propounded on Florida on October 2, 2012. (R. Doc. 12-3, p. 26). He also attaches two letters, sent from his counsel to Florida's counsel, dated November 16, 2012 and November 21, 2012. (R. Docs. 12-4, 12-5). Both of these letters request an update on Stephens' October 2, 2012 discovery requests; the second letter confirms that Florida would provide Stephens with discovery responses "within three weeks." (R .Doc. 12-5). On November 26, 2012, Florida's counsel wrote to Stephens' counsel, memorializing the parties' Rule 37 conference, and indicating that "we will attempt to send you discovery responses within the next three weeks to the extent information is available. If information remains outstanding, we will advise of such at that time." (R .Doc. 12-6, p. 1).

The Court finds that the letters, and the discovery requests attached to the motion, establish that (1) the discovery was propounded on October 2, 2012; (2) Florida received no response to its discovery requests within the 30-day period required for objections to both Rule 33 and 34 discovery requests; and (3) Stephens engaged in a "good faith" attempt to meet and confer with Florida after the 30-day period and prior to filing the instant motion to compel within the cognizance of Rule 37.

### 2. Rule 34 Requests for Production of Documents

The Court has evaluated Stephens' Rule 34 discovery requests, and finds that they have merit. In light of the foregoing, and the fact that no proper objection has been filed, the Court deems all of Florida's objections, except as to privilege, to Stephens' October 2, 2012 Rule 34 requests have been waived due to Stephens' failure to respond within 30 days of propounding the discovery. The Court now orders Florida to respond in full no later than fourteen (14) days of the issuance of this Order.

### 3. Rule 33 Interrogatories

Although Florida's failure to respond to Stephens' October 2, 2012 Rule 33 requests also would operate to waive his objections except as to privilege, the Court notes that Stephens has propounded 27 Interrogatories, although under the plain language of Rule 33, a party is limited to no more than 25. Rule 33(a)(1). In addition, "leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)." *Id.* Rule 26(b)(2) permits the Court to alter the number of permissible interrogatories by Order. *Id.* However, the Court notes that Stephens never requested

leave of the Court to file Interrogatories in excess of the limit; the Court exercises its broad discretion to control the scope and timing of discovery to disallow the same.

Specifically, the 25 Interrogatory limit includes "discrete subparts." Rule 33(a)(1); *see also Amir Athletic, LLC v. State Farm First and Casualty Co.*, No. 11-2082, 2012 WL 520658, at *2 (E.D. La. Feb. 16, 2012) ("[T]he court retains discretion to decline to compel requested discovery when the request far exceeds the bounds of fair discovery, even if a timely objection has not been made."). Courts which had found that a party has propounded excessive interrogatories have found that a party who has been propounded excessive discovery requests had an obligation to respond to the "first" 25 Interrogatories which constitute discrete questions, and strike the rest. *See, e.g.*, *Lower River Marine, Inc. v. USL-497 Barge*, 2007 WL 4590095, at *2 (E.D. La. Dec. 21, 2007) (Roby, M.J.); *Paananen v. Cellco Partnership*, 2009 WL 3327227, at *5 (W.D. Wash. Oct. 8, 2009) ("The best rule . . . is that a responding party must answer the first 25 interrogatories.").

The next issue is how to determine whether an Interrogatory subpart is "discrete" or not. As with other discovery, trial courts seeking to parse Interrogatory subparts are permitted "wide latitude to make discovery rulings based on their impressions on a variety of topics, including whether the discovery sought is unreasonably cumulative or duplicative." *United States v. Louisiana*, 2012 WL 832295, at *4 (M.D. La. Mar. 9, 2012) (finding that magistrate's allowing the United States to propound 40 interrogatories upon each of several defendants, while allowing defendants only 40 joint interrogatories, was not clearly erroneous). However, "parties cannot evade [the] presumptive limitation through the device of joining as 'subparts' questions that seek information about discrete separate subjects." *Nottingham v. Murphy Oil USA, Inc.*, No. 07-4211, 2010 WL 1049582, at *1 (E.D. La. Mar. 19, 2010) (Roby, M.J.) (quotation omitted).

To determine whether a subpart should be considered a separate question, a court must ask if "the interrogatory subparts are logically or factually subsumed within and necessarily related to the primary interrogatory question." *Estate of Manship v. United States*, 232 F.R.D. 552, 554 (M.D. La. 2005) (quotation and brackets omitted). "If the first question can be answered fully and completely

without answering the second question, then the second question is totally independent of the first and not factually subsumed within and necessarily related to the primary question." *Id.* (quoting *Krawczyk v. City of Dallas*, 2004 WL 614842, at *2 (N.D. Tex. Feb. 27, 2004).

Here, the Court has examined Stephens' Interrogatories, and in light of the judicial reasoning outlined above, finds that Interrogatories Nos. 1 through 13, inclusive, constitute 25 separate Interrogatories. Therefore, Florida is obligated to respond only Interrogatories Nos. 1 through 13, inclusive, and its objections to these Interrogatories have been waived, except as to privilege. All subsequent Interrogatories propounded by Stephens in his October 2, 2012 discovery requests are excessive, and Florida has no obligation to respond to the same.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff, Ricky Stephens', ("Stephens") **Motion to Compel Discovery (R. Doc. 12)** is **GRANTED** in part and **DENIED** in part.

It is **GRANTED** as to Stephens' Rule 34 Requests for Production of Documents.

It is **GRANTED** as to Stephens' Rule 33 Interrogatories Nos. 1 through 13, inclusive.

It is **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that Defendant, Florida Marine Transporters, Inc., ("Florida") shall fully respond to Stephens' Rule 33 Interrogatories Nos. 1 through 13, inclusive, and Stephens' Rule 34 Requests for Production of Documents in full, no later than fourteen (14) days after the issuance of this Order.

New Orleans, Louisiana, this 21st day of February 2013.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**